**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3019
_____

UNITED STATES OF AMERICA

v.

JAVIER ORTIZ-MONDRAGON,
                              Appellant


_____


On Appeal From the United States District Court
for the District of Delaware
Crim. No. 08-cr-00128-001
District Judge: Honorable Sue L. Robinson

Submitted Under Third Circuit L.A.R. 34.1(a)
September 23, 2010
_____


Before: MCKEE, Chief Judge, AMBRO, and CHAGARES, Circuit Judges.

(Filed: December 21, 2010)


_____


OPINION
_____


CHAGARES, Circuit Judge.

Javier Ortiz-Mondragon appeals his 60-month sentence for two immigration-

related crimes.  His attorney has filed a motion to withdraw under Anders v. California,

386 U.S. 738 (1967). We will grant the motion and affirm the sentence.[1]

## I.

We write for the parties' benefit and recite only the facts essential to our disposition. Ortiz-Mondragon, a Mexican citizen who has twice been removed from the United States, pleaded guilty to re-entering the United States illegally following removal, in violation of 8 U.S.C. § 1326, and possession of fraudulent immigration documents, in violation of 18 U.S.C. § 1546. After a thorough colloquy, the District Court accepted the plea, finding that Ortiz-Mondragon was "fully competent and capable of entering an informed plea, [and] that his plea of guilty [wa]s a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses." Appendix ("App.") 24.

The Probation Office prepared a Pre-Sentence Report ("PSR"), recommending a total offense level of 22, which included a three-point enhancement for possession of between 6 and 24 fraudulent documents. See U.S.S.G. § 2L2.1(b)(2)(A) (2008); PSR ¶ 36. Ortiz-Mondragon objected to the enhancement, as it represented some relevant conduct outside of that to which he pleaded guilty. The District Court "decline[d] to embrace" the argument, App. 33, and therefore adopted the PSR's recommendation that a total offense level of 22 should apply. But the court reduced the PSR's recommended

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

criminal history score by two points (from 11 to 9), thereby rendering a Category IV (instead of a Category V) criminal history applicable. As a result of the criminal history score reduction, the advisory sentencing range became 63-78 months of imprisonment. Applying the factors prescribed by 18 U.S.C. § 3553(a), the District Court imposed a 60-month sentence, a modest downward variance from the advisory range.

Counsel filed a timely notice of appeal, thereafter moved to withdraw, and filed an Anders brief in support of the motion. Ortiz-Mondragon was invited to file a pro se brief in support of his appeal, but he has not done so.

II.

Counsel may seek to withdraw from representation if, after a conscientious examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a) (2010); see also Anders, 386 U.S. at 744. Evaluation of an Anders motion requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained in a brief why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If we determine that "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301 (quotation marks and citation omitted).

We conclude that counsel's Anders brief is adequate, and thus, it will guide our

independent review of the record. Counsel identifies two potentially appealable issues: (1) that the District Court violated Federal Rule of Criminal Procedure 11 during the plea colloquy; and (2) that the District Court erred by failing to accept Ortiz-Mondragon's invitation to ignore the three-point enhancement. Our independent review of the record confirms that these issues are wholly frivolous.

During the plea colloquy, the District Court painstakingly reviewed, inter alia, the charges against Ortiz-Mendragon, his understanding of them, the provisions in the plea agreement, and the rights Ortiz-Mendragon would waive by pleading guilty. App. 11-25. The District Court concluded that the plea was knowing and voluntary. We conclude that the plea colloquy and the District Court's acceptance of the plea complied with Rule 11 in all respects.

Ortiz-Mendragon's objection to the District Court's offense level calculation is similarly devoid of arguable merit. Though the District Court's application of a three-point enhancement under U.S.S.G. § 2L2.1(b)(2)(A) included relevant conduct to which Ortiz-Mondragon did not specifically plead guilty, that is neither atypical nor improper. See United States v. Grier, 475 F.3d 556, 565-66 (3d Cir. 2007) (en banc). Indeed, counsel recognized as much in a sentencing memorandum submitted to the District Court, but argued that the District Court should invoke its discretion to "disregard" the conduct underlying the enhancement. Supp. App. 1-2. We discern no error in the District Court's refusal to do so. The court accepted Ortiz-Mendragon's argument for a downward

variance from the advisory sentencing range on the basis of his significant family support. To the extent that Ortiz-Mondragon could attack the court's failure to award a greater variance (in essence, to ignore the three-point enhancement), we find the contention meritless. The District Court scrupulously applied the sentencing factors set out in 18 U.S.C. § 3553(a), and the sentence it ultimately imposed is reasonable.

III.

We will affirm the judgment of sentence and, in a separate order, grant counsel's motion to withdraw.